# UNITED STATES DISTRICT COURT
for the
Middle District of Louisiana

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. |
| ) | 25-MJ- 53 |
| ) | |
| MORROW BATTIE ) | |
| ) | |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __April 30, 2025__ in the county of __East Baton Rouge__ in the __Middle__ District of __Louisiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 751(a) | Escape |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Riaco R. Leverston*
*Complainant's signature*

Riaco Leverston, DUSM, US Marshals Service
*Printed name and title*

Attested to by the applicant in accordance with the requirement of Fed. R. Crim. P. 4.1 by __telephone conference__ (*specify reliable electronic means*).

Date: 6/17/2025

*Judge's signature*

City and state: Baton Rouge, LA        Richard L. Bourgeois, Jr., U.S. Magistrate Judge
*Printed name and title*

*USA Sealed Group*
*USM*
*USPO*

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Riaco Leverston, being duly sworn, do hereby depose and state:

1. I am a Deputy U.S. Marshal in the Middle District of Louisiana for the United States Department of Justice and have been so employed since 2020. Prior to this assignment, I was employed by Montgomery County Sheriff's Office and Harris County Precinct 4 Constable's Office in Houston, Texas for about 8 years collectively. I am currently assigned as a Deputy U.S. Marshal within the Fugitive Task Force section in the Middle District of Louisiana, located in Baton Rouge, Louisiana. As a Criminal Investigator for the U.S. Marshals Service, I have the authority to investigate any crimes committed against the United States, including escapes from federal custody.

2. On July 14, 2022, Morrow Battie ("BATTIE") was sentenced to serve 37 months in federal prison, to be followed by a 3-year term of supervised release, arising out of his conviction for Possession of Firearms by a Convicted Felon, under Criminal No. 3:2021-CR-00014-SDD-SDJ. Battie (Prisoner No. 37233-509) was designated by the U.S. Bureau of Prisons ("BOP") to USP Beaumont and transferred via Justice Prisoner and Alien Transportation System ("JPATS") to USM Beaumont, in Beaumont, Texas. Battie began serving his 37-month sentence at this time.

3. Battie was recently approved for a Furlough Transfer and assigned by the BOP to the City of Faith Residential Reentry Center ("City of Faith") in Baton Rouge, Louisiana. Battie was then and continued to be under the custody of the BOP serving the prison term imposed upon him by Chief Judge Shelly D. Dick. The BOP contracts with the residential reentry centers, also known as halfway houses, such as City of Faith in Baton Rouge, Louisiana, to provide assistance to inmates who are approaching their date of release from custody. City of Faith is located at 6749 Cezanne Ave, Baton Rouge, Louisiana 70806, and is a BOP facility.

4. As a condition of his Furlough Transfer, Battie signed BP-A0291 Furlough Application and Conditions of Furlough, which states, in part, "A furlough will only be approved if an inmate agree to the following conditions and understands that, while on furlough, he/she: (1) Remains in the legal custody of the U.S. Attorney General, in service of a term of imprisonment; (2) Is subject to prosecution for escape if he/she fails to return to the institution at the designated time; (3) Is subject to institution disciplinary action, arrest, and criminal prosecution for violation any condition(s) of furlough." Additionally, the document signed by Battie indicates that he should call 409-727-8188 and ask for a lieutenant in "case of an emergency."

5. On or about April 30, 2025, at 2:55 PM, Battie departed from the Vidor, Texas, Greyhound station on a Greyhound bus and traveled, via interstate commerce, to Baton Rouge, Louisiana. Battie was ordered to report to City of Faith when he got to Baton Rouge, Louisiana, and he should have arrived at City of Faith by no later than 7:45 PM on April 30, 2025. However, Battie did not report to City of Faith as ordered, and his whereabouts were unknown.

6. On May 1, 2025, at 7:58 AM, BOP Receiving and Discharge staff confirmed that Battie had not arrived at City of Faith and had not contacted City of Faith or the BOP. At 7:58 AM, Battie was placed on escape status, and the U.S. Marshals Service received formal notice from the BOP, via Form BP-S393, "Notice of Escaped Federal Prisoner," that the BOP considered Battie an escapee. This document also provides information about and a photo of Battie.

7. The U.S. Marshals Service immediately initiated an investigation into Battie's whereabouts and attempted to locate and apprehend Battie.

8. During my investigation, the U.S. Marshal Service obtained evidence indicating that Battie did not report to the City of Faith as he was ordered to do. I learned that BOP personnel

spoke to Greyhound bus lines and confirmed that Battie's bus arrived at the Baton Rouge, Louisiana, Greyhound station on time.

9. On April 30, 2025, U.S. Marshals received information that Battie was possibly arrested during the commission of a crime near the same Greyhound bus station after he arrived in Baton Rouge, Louisiana. At 2040 hours, law enforcement was dispatched to the 700 block of N. 10th Baton Rouge, Louisiana 70802, in reference to an attempted burglary. Officer S. Lewis with the Baton Rouge Police Department arrived on scene where he met with the victim who observed on video the suspect later identified as Battie attempting to get into his vehicle.

10. Officer Lewis advised the victim observed numerous papers folded up near his vehicle on the ground that were not there prior. The documents were opened and were described as arrest paperwork that had Battie's full name and date of birth on it that the victim was able to provide to 911 dispatch. After taking the statement of the victim, Officer Lewis searched the area and was able to observe the subject identified as Battie checking inside another vehicle. Officer Lewis made contacted Battie and immediately detained Battie by placing him in handcuffs.

11. The second victim exited his residence and advised there was items missing from his vehicle valued at $100.00 dollars. Moments later, Battie was then placed under arrest and was read his *Miranda* rights by Officer Lewis. Battie proceeded to provide Officer Lewis a statement and admitted that the vehicle did not belong to him. When questioned on why he entered the vehicle Battie stated, he thought it was his get out of jail gift.

12. Battie was arrested for 2 counts of LA R.S. 14:62 Simple Burglary and was transported to the East Baton Rouge Parison Prison for booking. U.S. Marshals did confirm Battie was currently at the parish prison and verified his identity to include picture, name, and DOB before advising the BOP he was back in custody.

13. Based on this information, I respectfully request an arrest warrant for Morrow Battie for violation of 18 U.S.C. § 751(a), Escape.

_____
Riaco Leverston
Deputy U.S. Marshal
United States Marshals Service

Affidavit submitted by email/pdf and attested to me as true and accurate by telephone consistent with Federal Rules of Criminal Procedures 4.1 and 41(d) (3) on this \_\_17th\_\_ day of June 2025.

_____
RICHARD L. BOURGEOIS, JR., MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA